UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


| | | |
|---|---|---|
| JAMES D. CLINE, | ) | Case No. 1:09CV0859 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | JUDGE KATHLEEN O'MALLEY |
| | ) | (Magistrate Judge McHargh) |
| BENNIE KELLY, | ) | |
| Warden, | ) | |
| | ) | |
| Respondent. | ) | REPORT AND |
| | ) | RECOMMENDATION |
| | ) | |

McHARGH, Mag.J.

The petitioner James D. Cline ("Cline") filed a petition for a writ of habeas

corpus arising out of his 2006 convictions for aggravated vehicular homicide,

aggravated vehicular assault, operating a motor vehicle under the influence of

alcohol, and failure to comply with the order of a police officer, in the Geauga

County (Ohio) Court of Common Pleas.  (Doc. 1.)  In his petition, Cline raises three

grounds for relief:

> 1.  Petitioner was denied the right to meaningful allocution as his
> sentencing hearing in violation of procedural due process.
>
> 2.  Petitioner was denied procedural due process rights when the trial
> court failed to afford petitioner a hearing on his pre-sentence request
> to withdraw his guilty plea.

3. Petitioner was denied his constitutional right to effective assistance of appellate counsel on direct appeal of right in violation of due process of law.

(Doc. 1.)  The respondent has filed a motion to dismiss (doc. 6), and Cline has filed an opposition (doc. 9).

## I. FACTUAL AND PROCEDURAL BACKGROUND

On March 2, 2006, Cline was driving a pick-up truck on State Route 700 in Burton Township, Ohio.  (Doc. 6, RX 10, at 2; State v. Cline, No. 2006-G-2735, 2007 WL 4564865, at *1 (Ohio Ct. App. Dec. 28, 2007).)  Cline's license was under suspension.  (Doc. 6, RX 19, sentencing hrg., at 42-43.)  At the time, Cline had eleven (11) previous convictions for operating a motor vehicle under the influence. Id. at 39.  On March 2, 2006, Cline was once again driving drunk.  Id. at 42.  While attempting to elude a police officer, his truck went left-of-center, striking a vehicle occupied by three Hiram College students.  Two of the students died as a result of the accident, and the third student was severely injured.  (Doc. 6, RX 10, at 2; Cline, 2007 WL 4564865, at *1. )

As a result of the deadly accident, Cline was indicted on thirteen charges. The court of appeals summarized the proceedings:

> On July 31, 2006, a change of plea hearing was held. Cline withdrew his not guilty plea.  He pled guilty to Counts 1, 2, 3, 5, and 6 of the indictment.  Upon the state's recommendation, the trial court dismissed the remaining counts of the indictment.
>
> On August 3, 2006, Cline sent a hand-written letter to the trial court asking that a motion to withdraw his guilty plea be entered.  The trial

2

court forwarded a copy of this letter to Attorney Umholtz.  No further
action was taken by Attorney Umholtz, or Cline individually, to file a
formal motion to withdraw Cline's guilty plea.

A sentencing hearing was scheduled for September 6, 2006. On
September 5, 2006, Cline filed a motion to continue the sentencing
hearing for the purpose of obtaining a psychological assessment.  The
trial court denied this motion, and the sentencing hearing occurred as
scheduled.

At the sentencing hearing, the trial court asked Cline whether there
was any reason that it should not proceed with sentencing.  Cline
responded that he did not believe the plea agreement was followed and
that he believed he had not been adequately represented by counsel.
The trial court did not address Cline's concerns on the record.  After
this discussion, Cline exercised his allocution rights and gave a
statement in mitigation of sentence.

The trial court sentenced Cline to ten-year prison terms for his
convictions on Counts 1 and 2 of the indictment [aggravated vehicular
homicide]; an eight-year prison term for his conviction on Count 3 of
the indictment [aggravated vehicular assault]; a five-year prison term
for his conviction on Count 5 of the indictment [operating a motor
vehicle under the influence of alcohol]; and a five-year prison term for
his conviction on Count 6 of the indictment [failure to comply with
order of police officer].  The trial court ordered that all of these prison
sentences be served  consecutively.  Thus, Cline's aggregate prison
sentence was 38 years.

(Doc. 6, RX 10, at 3-4; Cline, 2007 WL 4564865, at *1-*2. )

Cline, through new counsel, filed a timely appeal in the state court of

appeals.  (Doc. 6, RX 6.)  Cline raised the following two assignments of error:

1.  The trial court erred by failing to adhere to the mandates of [Ohio]
Crim.R. 32(A)(1) and [Ohio Rev. Code §] 2929.19(A).

2.  The trial court abused its discretion by denying appellant's motion
to withdraw his guilty plea.

(Doc. 6, RX 7.)  On Dec. 28, 2007, the state court of appeals affirmed Cline's

convictions.  (Doc. 6, RX 10; State v. Cline, No. 2006-G-2735, 2007 WL 4564865

(Ohio Ct. App. Dec. 28, 2007).)

Cline filed a timely appeal to the Supreme Court of Ohio on Feb. 14, 2008.

(Doc. 6, RX 11.)  Cline set forth the following three propositions of law:

> 1.  If, at any time prior to pronouncement of a sentence, an indigent
> accused questions the effectiveness of assigned counsel, it is the duty of
> the trial court to inquire into the complaint and make such inquiry
> part of the record.  Failure of the trial court to conduct such an inquiry
> contravenes the Due Process Clauses of the federal and state
> constitutions.

> 2.  A trial court abuses its discretion by failing to conduct a hearing
> regarding an indigent defendant's desire to withdraw a guilty plea
> when the court has knowledge of the defendant's desire to withdraw
> the plea and has also been notified that appointed counsel may not be
> providing effective representation.

> 3.  When an appellate attorney fails to raise numerous, meritorious
> issues in a criminal defendant's one and only direct appeal, and when
> appellate counsel instead raises weak, unconvincing issues, the
> attorney renders constitutionally inadequate assistance, in
> contravention of the Fourteenth Amendment to the United States
> Constitution, and Section 16, Article I of the Ohio Constitution.

(Doc. 6, RX 12.)

On June 4, 2008, the state high court denied leave to appeal, and dismissed

the appeal as not involving any substantial constitutional question.  (Doc. 6, RX 14;

State v. Cline, 118 Ohio St.3d 1433, 887 N.E.2d 1202 (2008).)

Cline filed the petition for a writ of habeas corpus in this court on Apr. 15,

2009.  (Doc. 1.)

## II.  HABEAS CORPUS REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal courts must apply when considering applications for a writ of habeas corpus.  Under the AEDPA, federal courts have limited power to issue a writ of habeas corpus with respect to any claim which was adjudicated on the merits by a state court.  The Supreme Court, in Williams v. Taylor, provided the following guidance:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied -- the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams v. Taylor, 529 U.S. 362, 412-13 (2002).  See also Lorraine v. Coyle, 291 F.3d 416, 421-422 (6th Cir. 2002), cert. denied, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases."  Williams, 529 U.S. at 405.  See also Price v. Vincent, 538 U.S. 634, 640 (2003).

A state court decision is not unreasonable simply because the federal court considers the state decision to be erroneous or incorrect.  Rather, the federal court must determine that the state court decision is an objectively unreasonable application of federal law.  Williams, 529 U.S. at 410-12; Lorraine, 291 F.3d at 422.

Cline has filed his petition pro se.  The pleadings of a petition drafted by a pro se litigant are held to less stringent standards than formal pleadings drafted by lawyers, and will be liberally construed.  Urbina v. Thoms, 270 F.3d 292, 295 (6th Cir. 2001) (citing Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972) (per curiam)).  Other than that, no special treatment is afforded litigants who decide to proceed pro se.  McNeil v. United States, 508 U.S. 106, 113 (1993) (strict adherence to procedural requirements); Jourdan v. Jabe, 951 F.2d 108 (6th Cir. 1991); Brock v. Hendershott, 840 F.2d 339, 343 (6th Cir. 1988).

In part, Cline alleges violations of the Ohio law.  The question before this federal habeas court is whether the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States.  Federal habeas relief is not available for a claimed violation of state law, thus any alleged violation of the Ohio law is not properly before this court.  See Lewis v. Jeffers, 497 U.S. 764, 780 (1990).

## III.  RIGHT TO ALLOCUTION AT SENTENCING

The first ground of the petition alleges due process violations on the basis that Cline "was denied the right to meaningful allocution at his sentencing hearing

when the trial court denied him the opportunity to speak as to why his sentence should not be pronounced.  [He] attempted to express concern over his plea agreement and further, a denial of effective assistance of counsel." (Doc. 1, at § 12.a.)

The respondent argues that this claim is non-cognizable in federal habeas, as a matter of state law.  (Doc. 6, at 7-9.)  Although Cline presented the error on direct appeal as violative of Ohio Crim.R. 32(A)(1) and Ohio Rev. Code § 2929.19(A), both in his Assignment of Error and in his arguments in the brief, he also raised a constitutional procedural due process violation.  (Doc. 6, RX 7, at 6.)  The state court of appeals properly followed the main thrust[1] of his brief, and primarily addressed his argument as a state law argument.  (Doc. 6, RX 10, at 4-8; Cline, 2007 WL 4564865, at *2-*4.)  As already mentioned, federal habeas relief would not be available for a claimed violation of state law.  Lewis, 497 U.S. at 780.

However, as to the constitutional aspect of his claim, federal courts have consistently held that there is no federal constitutional right to allocution at sentencing.  Pasquarille v. United States, 130 F.3d 1220, 1223 (6th Cir. 1997); Thomas v. Booker, No. 2:09-CV-11520, 2009 WL 1133509, at *3 (E.D. Mich. Apr. 27, 2009); Williams v. Sheets, No. 1:04CV403, 2007 WL 184745, at *10 (S.D. Ohio Jan. 19, 2007).  "The failure of a trial court to ask a defendant represented by an

---

[1]  See, e.g., Austin v. Squire, 118 Ohio App.3d 35, 37, 691 N.E.2d 1085, 1086 (Ohio Ct. App.  1997) (court of appeals only addresses those issues separately set forth as Assignments of Error); Akron v. Wendell, 70 Ohio App.3d 35, 45-46, 590 N.E.2d 380, 387 (Ohio Ct. App. 1990) (same).

attorney whether he has anything to say before sentence is imposed is not of itself an error of the character or magnitude cognizable under a writ of habeas corpus." Hill v. United States, 368 U.S. 424, 428 (1962).  See also Scrivner v. Tansy, 68 F.3d 1234, 1240 (10th Cir. 1995), cert. denied, 516 U.S. 1178 (1996) (citing Hill); Thomas, 2009 WL 1133509, at *3.

Thus, even assuming that Cline properly raised this constitutional argument before the state courts, the claim that he was denied the right to allocution at his sentencing is not cognizable in federal habeas, and the motion to dismiss should be granted as to the first ground.

## IV.  REQUEST TO WITHDRAW GUILTY PLEA

The second ground contends that Cline was denied his due process rights when the trial court failed to afford him a hearing on his request to withdraw his guilty plea.  (Doc. 1, at § 12.a.)  Again, Cline presents this as a violation of Ohio law.  Id.  His arguments before the state court of appeals were limited to Ohio law as well.  (Doc. 6, RX 7, at 10-13.)  The respondent argues that this claim is not cognizable in federal habeas corpus because there is no constitutional right to withdraw a guilty plea.  (Doc. 6, at 9-11.)

First of all, this court does not have jurisdiction to consider a federal claim in a habeas petition which was not fairly presented to the state courts.  Baldwin v. Reese, 541 U.S. 27 (2004); Jacobs v. Mohr, 265 F.3d 407, 415 (6th Cir. 2001).  To "fairly present" the claim to the state courts, a habeas petitioner must present his

claim as a federal constitutional issue, not as an issue arising under state law.

Koontz v. Glossa, 731 F.2d 365, 368 (6th Cir. 1984).  Cline presented this claim to

the appellate court solely as an issue of state law.  (Doc. 6, RX 7, at 10-13.)

   In addition, even if the claim had been properly presented, this habeas court

lacks authority to adjudicate a claim that the state court abused its discretion by

denying a motion to withdraw a guilty plea.[2]  Xie v. Edwards, 35 F.3d 567, 1994 WL

462143, at *2 (6th Cir. Aug. 25, 1994) (TABLE, text in WESTLAW) (whether trial

court abused discretion in denying motion to withdraw plea is  question of state

law); Artiaga v. Money, No. 3:04CV7121, 2007 WL 928640, at *2 (N.D. Ohio Mar.

27, 2007).  Federal habeas relief is not available for a claimed violation of state law,

thus any alleged violation of Ohio Criminal Rule 32.1 is not properly before this

court.  Lewis, 497 U.S. at 780; Akemon v. Brunsman, No. C-1-06-166,  2007 WL

2891012, at *12 (S.D. Ohio Sept. 28, 2007).

   Cline did not fairly present his claim to the state courts as a federal

constitutional claim, thus this court cannot consider it.  Therefore, the motion to

dismiss should be granted as to the second ground.


## V.  INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

   The third ground of the petition is that Cline was denied his constitutional

right to effective assistance of appellate counsel in violation of due process of law.

---

  [2]  At the plea hearing, the trial court had determined that Cline's plea was
made knowingly and voluntarily.  See doc. 6, RX 4.

"Specifically, appellate counsel failed to raise a meritorious issue challenging the trial court's failure to make an on the record inquiry into objections about the performance of appointed trial counsel," as well as the trial court's handling of his desire to withdraw his guilty plea.  (Doc. 1, at §12.a.)

Under the Sixth Amendment to the U.S. Constitution, "the right to counsel is the right to effective assistance of counsel."  Joshua v. DeWitt, 341 F.3d 430, 437 (6th Cir. 2003) (quoting McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970)). The Sixth Circuit discussed ineffective assistance of counsel in Monzo v. Edwards:

> To establish ineffective assistance of counsel under Strickland [v. Washington, 466 U.S. 668 (1984)], the defendant must show that his counsel's performance fell below an objective standard of reasonableness and that his counsel's errors were so serious as to prejudice the defendant.  Review of counsel's performance is highly deferential and requires that courts "indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance."  To establish prejudice, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."
>
> There is a right to effective assistance of counsel in connection with a defendant's first appeal of right.  It is not necessary for appellate counsel to raise every nonfrivolous claim on direct appeal. . . . "Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome."

Monzo v. Edwards, 281 F.3d 568, 579 (6th Cir. 2002) (internal citations omitted).

See generally Strickland, 466 U.S. at 689 (two-part test).  A criminal appellant is constitutionally entitled to the effective assistance of counsel in his direct appeal.

Evitts v. Lucey, 469 U.S. 387 (1985).

10

The Ohio Supreme Court has held that "issues of ineffective assistance of appellate counsel must be raised at the first opportunity to do so." Monzo, 281 F.3d at 578 (quoting State v. Williams, 74 Ohio St.3d 454, 455, 659 N.E.2d 1253, 1254 (1996) (per curiam)).  Under Ohio law, claims of ineffective assistance of appellate counsel must be raised in a motion to re-open his appeal before the Ohio Court of Appeals.  Monzo, 281 F.3d at 577 (citing State v. Murnahan, 63 Ohio St.3d 60, 584 N.E.2d 1204 (1992)); Ohio App. R. 26(B).  Such a motion must be filed in the court of appeals within 90 days of the appellate judgment.  State v. Lamar, 102 Ohio St.3d 467, 468, 812 N.E.2d 970 (2004) (per curiam), cert. denied, 543 U.S. 1168 (2005); State v. Reddick, 72 Ohio St. 3d 88, 90, 647 N.E.2d 784, 786 (1995) (per curiam).  Cline did not file a motion to re-open.[3]

All ineffective-assistance claims that Cline could have properly asserted, but did not, are defaulted under the Ohio doctrine of res judicata.  Jacobs, 265 F.3d at 417; Coleman v. Mitchell, 244 F.3d 533, 538 (6th Cir.), cert. denied, 534 U.S. 977 (2001); State v. Perry, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967) (syllabus, ¶9).  If a petitioner is barred by a state procedural rule from raising a federal claim in state court, he is not permitted to raise the issue in his habeas petition absent a showing

---

[3]  Although Cline did not raise the ineffectiveness arguments in a Rule 26(B) application for re-opening, he did attempt to raise them in his appeal to the Ohio Supreme Court.  (Doc. 6, RX 12.)  However, that court will not consider a constitutional question which was not raised and argued in the lower courts.  Leroy v. Marshall, 757 F.2d 94, 99 (6th Cir.), cert. denied, 474 U.S. 831 (1985); Rezos v. Hudson, No. 1:06-CV-00713, 2008 WL 2225715, at *2 (S.D. Ohio May 27, 2008) (citing Leroy); State v. Phillips, 27 Ohio St.2d 294, 302, 272 N.E.2d 347, 352 (1971).

11

of cause and prejudice.  Engle v. Isaac, 456 U.S. 107, 129 (1982); Wainwright v. Sykes, 433 U.S. 72, 86-87 (1977).

The court considers four factors to determine whether a claim has been procedurally defaulted:  (1) the court must determine whether there is a state procedural rule that is applicable to the petitioner's claim, and whether the petitioner failed to comply with the rule; (2) the court must decide whether the state courts actually enforced the procedural sanction; (3) the court must decide whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of the federal claim; and, (4) the petitioner must demonstrate that there was cause for him not to follow the procedural rule, and that he was actually prejudiced by the alleged constitutional error.  Buell v. Mitchell, 274 F.3d 337, 348 (6th Cir. 2001) (citing Maupin v. Smith, 785 F.2d 135, 138 (6th Cir. 1986)); Jacobs, 265 F.3d at 417 (quoting Maupin).

Application of the Ohio rule of res judicata satisfies the first three factors in Maupin.  Jacobs, 265 F.3d at 417.  The fourth factor is that the petitioner must demonstrate that there was cause for him not to follow the procedural rule, and that he was actually prejudiced by the alleged constitutional error.  "Cause" for a procedural default is ordinarily shown by "some objective factor external to the defense" which impeded counsel's efforts to comply with the state's procedural rule.  Coleman v. Thompson, 501 U.S. 722, 753 (1991) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)).  Cline does not argue that there was cause for the procedural default.  See generally doc. 9.

12

## VI.  SUMMARY

The motion to dismiss (doc. 6) should be granted.  The first and second grounds of the petition are not cognizable for relief in federal habeas corpus.  In addition, the second ground was not fairly presented to the state courts as a federal claim.  The third ground has been procedurally defaulted.

## RECOMMENDATION

It is recommended that the petition be dismissed.


Dated:   Oct. 19, 2009             /s/ Kenneth S. McHargh
                                   Kenneth S. McHargh
                                   United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the District Court's order.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

13