UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **JAMES D. CLINE,** | : | **Case No. 09CV859** |
| **Plaintiffs,** | : | |
| | : | **JUDGE KATHLEEN O'MALLEY** |
| v. | : | |
| **BENNIE KELLY,** | : | **MEMORANDUM & ORDER** |
| **Defendant.** | : | |

Before the Court is Petitioner James D. Cline's ("Cline") *Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus* (Doc. 1, Petition). Cline's Petition asserts three grounds for relief: (1) a violation of procedural due process in connection with allocution at his sentencing hearing; (2) a violation of procedural due process in connection with the trial court's failure to afford Cline a hearing with respect to his pre-sentence request to withdraw his guilty plea; and (3) ineffective assistance of appellate counsel. The case was automatically referred to Magistrate Judge Kenneth S. McHargh for preparation of a Report and Recommendation ("R&R"). Respondent Warden Bennie Kelly ("the State") filed a Motion to Dismiss (Doc. 6, Motion to Dismiss) and Cline filed a response in opposition captioned as Petitioner's Traverse and Request for Full Evidentiary Hearing (Doc. 9, Response). On October 19, 2009, Magistrate Judge McHargh issued an R&R recommending that this Court grant the State's Motion to Dismiss. (Doc. 10, R&R.) Cline timely filed objections to the R&R (Doc. 12, Objections), and the State did not respond to Cline's objections. Consequently, this Motion to Dismiss is ripe for adjudication. For the reasons articulated below, the Court **ADOPTS** the R&R, **in part**, **GRANTS** the Motion to Dismiss, and, accordingly, **DISMISSES** Cline's Petition.

I. **BACKGROUND**

The R&R sets forth the factual and procedural background of this case as described in the opinion of the Ohio Court of Appeals. (Doc. 10 at 1-4.) In his objections, Cline challenges the Court of Appeals' articulation of certain facts. (Doc. 12 at 3.) Accordingly, in the interest of efficiency, the Court adopts the R&R's articulation of the relevant factual and procedural background to the extent Cline does not object, and addresses Cline's objections where necessary in the following summary of the pertinent facts.

A. **PROCEDURAL HISTORY**

On March 15, 2006, the Geauga County, Ohio Grand Jury returned an indictment including, *inter alia*, numerous charges of homicide and driving under the influence of alcohol. The indictment stemmed from the events of March 2, 2006, when Cline was driving his pick-up truck under the influence of alcohol on State Route 700 in Burton Township, Ohio. While attempting to elude the police, his truck struck a vehicle occupied by three Hiram College students.[1] Two of the students died and the third was severely injured in the resulting crash. Cline's license was under suspension at the time, and he had eleven previous convictions for operating a vehicle under the influence.

On July 31, 2006 a change of plea hearing was held in the Geauga County Court of Common Pleas. Cline withdrew his not guilty plea and, pursuant to a plea agreement, entered a plea of guilty to Counts 1, 2, 3, 5, and 6 of the indictment. On August 3, 2006, Cline sent a hand-written letter to the trial court asking that a motion to withdraw his guilty plea be filed on his behalf. The trial court

---

[1] Cline's second objection to Magistrate Judge McHargh's R&R asserts that the state court of appeals erred in its description of the crash by including the fact that his truck went "left of center." (Doc. 12 at 3.) The Court acknowledges this objection, but need not resolve it because that specific fact is not relevant to the resolution of any of the grounds for relief set forth in Cline's Petition.

forwarded this letter to Cline's court-appointed attorney, Mr. R. Robert Umholtz. (*See* Doc. 9-1 at 8.) No further action was taken by the trial court, Mr. Umholtz, or Cline with respect to a motion to withdraw his guilty plea prior to his sentencing hearing.[2]

A sentencing hearing was scheduled for September 6, 2006. On September 5, 2006, Cline filed a motion to continue the sentencing hearing in order to obtain a psychological assessment. The trial court denied the motion. At the sentencing hearing on September 6, 2005, the trial court asked Cline if there was any reason the sentencing hearing should not proceed. Cline said that he did not believe that the plea agreement had been followed and that he had not received adequate representation by counsel. The trial court did not address either of these concerns on the record. Instead, the trial court instructed Cline that it would only hear statements in mitigation of sentence. Both Cline and his counsel then proceeded to give statements in mitigation of sentence. The trial court then sentenced Cline to an aggregate prison term of 38 years.

Cline timely appealed his conviction and sentence to the Court of Appeals of Ohio, Eleventh Appellate District. On December 28, 2007 the Court of Appeals affirmed his convictions. Cline

---

[2] Cline's letter, in its entirety, states as follows:

Honorable Judge Fuhry,

    With all due respect, at this time I would humbly request that a motion to withdraw my plea of guilty entered in your court on July 31, 2006 to not guilty and to continue the process of trial by jury. I suspect my current counsel has been less than honest with me in order to achieve a hidden agenda of which I knew nothing of until today.
    Thank you for any consideration given to this request as I realize your schedule must be quite demanding.

                        Sincerely,
                        [James D. Cline]

(Doc. 9-1 at 7.)

then filed a timely appeal to the Ohio Supreme Court on February 14, 2008. The Ohio Supreme Court denied leave to appeal on June 4, 2008. Cline timely filed the instant petition for a writ of habeas corpus on April 15, 2009. (Doc. 1.)

### B.     CLINE'S GROUNDS FOR RELIEF IN HIS PETITION

Cline asserts three grounds for relief in his § 2254 Petition.

GROUND ONE: Petitioner was denied the right to meaningful allocution at his sentencing hearing in violation of procedural due process.

GROUND TWO: Petitioner was denied procedural due process rights when the trial court failed to afford the Petitioner a hearing on his pre-sentence request to withdraw his guilty plea.

GROUND THREE: Petitioner was denied his constitutional right to effective assistance of appellate counsel on direct appeal of right in violation of due process of law.

(Doc. 1.)

## II.     LAW AND STANDARD OF REVIEW

Cline filed his § 2254 Petition on April 15, 2009. Therefore, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs this Court's review of that petition. *Harpster v. Ohio*, 128 F.3d 322, 326 (6th Cir. 1997), *cert. denied*, 522 U.S. 1112 (1998); *see also Woodford v. Garceau*, 538 U.S. 202, 210 (2003).[3]

### A.     CLINE'S PETITION IS NOT TIME-BARRED

First, as a procedural matter, the AEDPA requires that *habeas* petitions be filed within one year of the latest of four triggering dates set forth at 28 U.S.C. § 2244(d)(1). In this case, it is

---

[3] The AEDPA applies to petitions filed *after* the Act's April 26, 1996 effective date. *Barker v. Yukins*, 199 F.3d 867, 871 (6th Cir. 1999).

undisputed that Cline timely filed his Petition pursuant to 28 U.S.C. § 2244(d)(1)(A).[4]

### B. STANDARD FOR MERITS REVIEW

When the petitioner has satisfied the procedural prerequisites to habeas relief,[5] the AEDPA sets forth the standard by which federal courts review the merits of properly-asserted grounds for relief. In pertinent part, the AEDPA provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

After passage of the AEDPA, the various circuits interpreted the standard to be applied

---

[4] Section 2244(d)(1)(A) provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of *habeas corpus* by a person in custody pursuant to the judgment of a state court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . .

28 U.S.C. § 2244(d)(1)(A). The Ohio Supreme Court denied Cline's petition for appeal on May 24, 2006 and he filed this Petition approximately two months later -- *i.e.*, well within the one-year limitations period. (*See* Doc. 1.)

[5] Namely, that the Petitioner's claims for habeas relief have been exhausted in the state court system and have not been procedurally defaulted. *See Scheck v. Wilson*, Case No. 06cv1761, 2009 WL 2486051, at *3-5 (N.D. Ohio Aug. 11, 2009).

-5-

differently under these provisions. In response to these nationwide variations, the Supreme Court directly addressed the meaning of the AEDPA's statutory language and, as the Sixth Circuit has confirmed, announced that the statute "places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court." *Campbell v. Coyle*, 260 F.3d 531, 539 (6th Cir. 2001) (quoting *Williams v. Taylor*, 529 U.S. 362, 412 (2000)) (emphasis added).

> The Supreme Court clarified the language of § 2254(d)(1), and held that:
>
> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams*, 529 U.S. at 412-413 (emphasis added). The Court offered additional guidance regarding the meaning of "unreasonable application." A state-court opinion can also engender the 'unreasonable application' of Supreme Court precedent if it "either unreasonably extends or unreasonably refuses to extend a legal principle from Supreme Court precedent to a new context." *Id*. at 409. Further, the Court declared that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* (emphasis added). Elaborating on the term "objectively unreasonable," the Court stated that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.*

-6-

Additionally, and perhaps most importantly for purposes of analyzing Cline's Petition, in reviewing habeas petitions, federal courts are obliged to "accept as valid a state court's interpretation of state law and rules of practice of that state." *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003); *see also Duffel v. Dutton*, 785 F.2d 131, 133 (6th Cir. 1986). Similarly, they are not free to ignore the pronouncement of a state appellate court on matters of state law. *See Central States, Southeast & Southwest Areas Pension Fund v. Howell*, 227 F.3d 672, 676 (6th Cir. 2000). "Federal habeas corpus relief does not lie for errors of state law." *Earhart v. Konteh*, 589 F.3d 337, 349 (6th Cir. 2009) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)). The standard of review applied to the merits of a petition for a writ of habeas corpus, therefore, is a stringent one.

### III.     ANALYSIS OF THE MAGISTRATE JUDGE'S R&R AND CLINE'S OBJECTIONS

Magistrate Judge McHargh's R&R recommends dismissal of all three grounds for relief. (Doc. 10.) Cline submits eight objections to the R&R. (Doc. 12.) To the extent possible, the Court will address Cline's objections in the context of the R&R's analysis of each of the grounds for relief.

As an initial matter, however, Cline's seventh objection asserts that his second ground for relief is subsumed within the first. (Doc. 12 at 5.) Indeed, Cline requests that the Court strike the portions of the R&R addressing Ground Two of his Petition. (*Id.*) Although the Court will analyze Ground One and Cline's objections as incorporating Ground Two where appropriate, the R&R correctly distinguishes between the specific claim raised in Ground One (allocution) and Ground Two (guilty plea). The Court will do the same, where appropriate.

Furthermore, Cline's eighth objection notes that, in his Response, he withdrew Ground Three

of his Petition.[6] (*Id*.) Cline requests that the Court strike the portions of the R&R addressing Ground Three from the record. (*Id*.) Because Cline has affirmatively abandoned the ineffective assistance of appellate counsel claim he asserted in Ground Three of his Petition, this claim is dismissed. Accordingly, rather than adopt the R&R on this Ground, the Court simply finds that Ground Three has been voluntarily dismissed.

### A. GROUND ONE AND TWO: PROCEDURAL DUE PROCESS VIOLATIONS RELATING TO THE TRIAL COURT'S LIMITATIONS ON THE SCOPE OF CLINE'S ALLOCUTION RIGHT AT THE SENTENCING HEARING

#### 1. Ground One: Cline's Allocution Claim

In his first ground for relief, Cline states that he "was denied the right to meaningful allocution at his sentencing hearing in violation of procedural due process." (Doc. 1 at 5.) Specifically, he claims that the trial court violated his right to allocution when it refused to let him speak at the sentencing hearing about the state's alleged failure to follow the plea agreement and his counsel's alleged ineffectiveness.

---

[6] Cline's Objection No. 8 states in its entirety: "Cline submits that his Claim Three was withdrawn as submitted in the Traverse, page 21. Accordingly, Cline respectfully requests that the R&R, pgs. 9-12 be stricken from the record." (Doc. 12 at 5.) Page 21 of the Traverse (Response) states as follows with respect to Ground Three:

> Cline states that his first direct appeal counsel did a good job on his brief and this Claim is not strong enough to litigate at this level with the incomplete record as stated in Ground One. New counsel did raise a claim of ineffective assistance of appellate counsel in the Murnahan appeal, and basically made the same arguments which the first direct appeal counsel made. It is not the first appeal counsel's fault that the appellate court refused to issue correct and honest facts about this case as set forth on pages 8-20, supra.

(Doc. 9-1 at 21.) Cline's Objection No. 2 challenges the presumption of correctness that attaches to the state court of appeals' articulation of the facts on federal habeas review. This objection is addressed specifically below.

-8-

### 2. The R&R's Analysis of Ground One

In the R&R, Magistrate Judge McHargh first concludes that Ground One is non-cognizable on federal habeas review because it was presented as an alleged violation of Cline's <u>state law</u> allocution rights. (Doc. 10 at 7.) Because the main thrust of the claim was a state law argument, and because federal habeas relief is not available for violations of state law, Magistrate Judge McHargh cited *Lewis*, 497 U.S. at 780, and recommended dismissal of Cline's first claim as non-cognizable on habeas review. (*Id.*)

In the alternative, Magistrate Judge McHargh recommended dismissal on the grounds that, even if the first claim were cognizable on federal habeas review because of the procedural due process component of Cline's claim, there is no federal constitutional right to allocution at sentencing. (*Id.* (citing *Pasquarille v. United States*, 130 F.3d 1220, 1223 (6th Cir. 1997).)

### 3. Ground Two: Cline's Request to Withdraw Guilty Plea

As explained above, Cline asserts that his second ground for relief is subsumed within the first. While both are procedural due process claims, the factual predicate of each is different, and, therefore, it is conceptually clearer to maintain that separation for purposes of defining the claims. Ground Two is premised on the trial court's decision not to hold a hearing on his request to withdraw his guilty plea. Specifically, Cline argues that the trial court violated his procedural due process rights when, after receiving a letter directly from Cline a few days after his change of plea hearing requesting that a motion to withdraw his guilty plea be filed on his behalf, the trial court forwarded the letter to his counsel, but did not treat the letter itself as a motion or schedule a hearing. The state court of appeals held that the letter was not a motion because Cline accepted Mr. Umholtz as appointed counsel and concluded, therefore, the trial court acted appropriately by forwarding the

-9-

letter to Mr. Umholtz and taking no further action.

### 2. The R&R's Analysis of Ground Two

In his R&R, Magistrate Judge McHargh first concludes that Ground Two is not cognizable on federal habeas review because Cline presented it to the state court as a violation of state law, not a violation of a federal constitutional right. (Doc. 10 at 8-9.) Second, Magistrate Judge McHargh concludes that, even if Cline had presented the federal claim to the state court, whether a state court abused its discretion in denying a motion to withdraw a guilty plea is a question of state law that a federal habeas court cannot review. (*Id*. (citing *Xie v. Edwards*, 35 F.3d 567, 1994 WL 462143, at *2 (6th Cir. Aug. 25, 1994) (Table).)

### 3. Cline's Objections Regarding the R&R's Analysis of Ground One and Ground Two

#### a. Objection No. 1

Cline's first objection relates to the R&R's analysis of both Grounds One and Two. Cline argues that he submitted his claim as a violation of both Ohio law and the Fourteenth Amendment to the United States Constitution. (Doc. 12 at 2-3.) He argues that the violation of procedural due process occurred when the trial court refused to provide him with "an adequate, meaningful, or reasonable opportunity to speak at sentencing regarding his concerns over the plea agreement and his right to effective assistance of counsel[,]" which deprived him "of a reasonable opportunity to later ask the trial court to consider a Motion to Withdraw a Guilty Plea." (*Id*. at 3.) Cline contends that the R&R fails to address this argument.

First, assuming for the sake of argument that Cline did present Ground One of his Petition to the state court as a federal due process claim, Magistrate Judge McHargh correctly concluded that

-10-

there is no federal constitutional right to allocution at sentencing. *See Pasquarille*, 130 F.3d at 1223. Likewise, Magistrate Judge McHargh correctly concluded that, as to Ground Two, whether a state court grants a motion to withdraw a guilty plea is a matter of state law not cognizable on federal habeas review.[7] *See Xie*, 35 F.3d 567, 1994 WL 462143, at *2.

Second, any federal procedural due process claim Cline might assert regarding his guilty plea is foreclosed by the fact that the guilty plea was knowing, voluntary, and intelligent. While the Court acknowledges that Ground Two of Cline's Petition asserts a due process claim that is broader than the right to speak before the sentence is imposed, the state court of appeals analyzed that broader claim. Specifically, the state court of appeals expressly rejected Cline's argument that the trial court's refusal to allow him to explain at the sentencing hearing the nature of his concerns regarding adherence to the plea agreement and his representation violated due process because it deprived him of a reasonable opportunity raise those issues. *State v. Cline*, Case No. 2006-G-2735, 2007 WL 4564865, at * 5 (Ohio App. Ct. Dec. 28, 2007). As the state court of appeals explained, Cline had

---

[7] It would be futile for Cline to argue that, because it did not interpret his as such a motion since he was represented by counsel, the trial court did not <u>deny</u> a motion to withdraw his guilty plea. This was the basis of the state court of appeals decision with respect to his second assignment of error in his direct appeal, i.e., that "the trial court abused its discretion by denying the appellant's motion to withdraw his guilty plea." The state court of appeals held that, because he was represented by counsel, Cline's letter could not be treated as a motion to withdraw his guilty plea, and he never so moved thereafter. *Cline*, 2007 WL 4564865 at *6-8. The court of appeals held that, "[s]ince Cline failed to move the court to withdraw his guilty plea, the trial court did not err by failing to address the absent motion." *Id*. at *8. As explained above, a district court sitting on habeas review cannot second-guess the reasonableness of a state court's application of state law, and, under the circumstances of this case, there is no indication that the state court of appeals applied federal law in an objectively unreasonable manner. Even assuming that the trial court had treated Cline's letter as a motion to withdraw his guilty plea and denied the motion, Cline would not be entitled to federal habeas review of that decision by the state court because there is no federal constitutional right to withdraw a guilty plea. *See e.g., United States v. Woods*, 554 F.3d 611, 613 (6th Cir. 2009); *Xie*, 35 F.3d 567, 1994 WL 462143, at *2.

an opportunity to object to the written plea agreement at the change of plea hearing, and did not do so. If anything in the written plea agreement was inconsistent with what his attorney had told him regarding plea negotiations, he had a full and fair opportunity to raise it at the change of plea hearing. Instead, he affirmed at the change of plea hearing that he had reviewed the plea agreement, discussed it with his attorney, and that his decision to plead guilty was knowing, voluntary, and intelligent. Consequently, Cline's argument fails because allocution is not a federal constitutional right, *see Pasquarille*, 130 F.3d at 1223, and the trial court's limitation on the scope of Cline's right to allocute did not create a fundamental defect leading to a miscarriage of justice that violated petitioner's Fourteenth Amendment right to due process. *See Reed v. Farley*, 512 U.S. 339, 354 (1994). As stated in *Xie*, 35 F.3d 567, 1994 WL 462143, at *2:

> whether the trial court abused its discretion in denying Xie's motion to withdraw his plea is a question governed by Ohio's statutes and case law. Such state-law grounds cannot support federal habeas relief, absent a showing that the alleged error rendered the proceedings fundamentally unfair. *Estelle v. McGuire*, 112 S.Ct. 475, 480 (1991); *Serra v. Michigan Dep't of Corrections*, 4 F.3d 1348, 1354 (6th Cir.1993), *cert. denied,* 114 S.Ct. 1317 (1994). The record conclusively demonstrates that the instant proceedings in the state courts were not fundamentally unfair.

There is no indication that the plea hearing was defective in any way; therefore, no error of a constitutional magnitude can flow from the trial court's refusal to grant Cline a hearing with respect to his request to withdraw his guilty plea. Like *Xie*, the state trial court's actions in this case simply do not satisfy the United States Supreme Court's standard for non-constitutional claims justifying federal habeas relief. *Reed*, 512 U.S. at 354.

### b. Objections No. 4 & 5

Cline's fourth and fifth objection approach the same argument from a different angle. In Objection No. 4, Cline contends that the Court should conduct a *de novo* review of his federal due

process claims relating to the trial court's refusal to allow him to explain at the sentencing hearing his concerns regarding adherence to the plea agreement and his counsel's performance. (Doc. 12.) He asserts that such review is appropriate because, although he presented his federal due process claims to the state court of appeals, it did not review them. Similarly, in Objection No. 5, he argues that the limitations the trial court placed on the scope of his allocution at the sentencing hearing deprived him of his only "procedurally-correct" opportunity to withdraw his guilty plea and raise his ineffective assistance of counsel claim. For the reasons stated above in the discussion regarding Objection No. 1, even if Cline's federal due process claims are cognizable on habeas review, they fail on the merits because Cline had a full and fair opportunity to raise his concerns at the change of plea hearing, and elected to enter a knowing, voluntary, and intelligent guilty plea.[8]

### B. CLINE'S REMAINING OBJECTIONS

Cline's second, third, and sixth objections do not relate to Magistrate Judge McHargh's analysis of any of his claims specifically. Objection No. 2 challenges the presumption of correctness to which the state court of appeals articulation of the facts is entitled on federal habeas review. (Doc. 12 at 3.) He notes that Magistrate Judge McHargh did not address the eight challenges to this presumption that he asserted in his Response (Doc. 9 at 8-15). Objection No. 3 states that the R&R fails to address Cline's argument that he is entitled to relief under 28 U.S.C. § 2254(d)(2). (*Id*. at 4.) Objection No. 6 states that the R&R fails to address his request for a full evidentiary hearing. The Court will address each of these objections.

---

[8] Undoubtedly, it would have been a better practice for the state court to assure that all concerns regarding counsel's representation and the guilty plea were aired. The fact that this Court might approach the circumstances differently if presented originally in this forum does not justify the conclusion that the state court's actions were improper, however. And, it certainly cannot justify the conclusion that the state court violated Cline's federal constitutional rights.

### 1. Objection No. 6: Request for an Evidentiary Hearing

Cline's sixth objection notes that the R&R does not address Cline's request for an evidentiary hearing. (Doc. 12 at 4-5.) In his Response, Cline requested an evidentiary hearing to develop the record relating to his request to withdraw his guilty plea and his counsel's alleged ineffectiveness. (Doc. 9-1 at 19-20.) He argues that the trial court deprived him of an opportunity to develop the record by limiting the scope of his allocution at his sentencing hearing to statements in mitigation of sentence.

AEDPA provides for evidentiary hearings in habeas cases under certain circumstances described at 28 U.S.C. § 2254(e)(2):

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that--
>
>     (A) the claim relies on--
>
>         . . .
>
>         (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2); *see also Getsy v. Mitchell*, 495 F.3d 295, 310-11 (6th Cir. 2007). Cline argues that he is entitled to an evidentiary hearing because he attempted to develop the record relating to his request to withdraw his guilty plea and his counsel's alleged ineffectiveness by raising the issue at the sentencing hearing, but the trial court prevented him from doing so by failing to act on his letter regarding withdrawal of the guilty plea and then prohibiting him from addressing the topic in his allocution. (Doc. 9-1 at 19-20.) He asserts that these efforts constitute diligence under

§ 2254(e)(2)(A)(ii).

Diligence is not the end of the inquiry, however; even if Cline was diligent in his attempt to develop the record, he is not necessarily entitled to an evidentiary hearing. As the Sixth Circuit explained in *Getsy*:

> Although Getsy thus overcomes the initial statutory hurdle to obtaining a hearing, "**the fact that [a petitioner] is not disqualified from receiving an evidentiary hearing under § 2254(e)(2) does not entitle him to one.**" *Bowling v. Parker*, 344 F.3d 487, 512 (6th Cir.2003). The Supreme Court recently explained that, "**[i]n deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief**." *Schriro v. Landrigan*, 550 U.S. 465, 127 S.Ct. 1933, 1940, 167 L.Ed.2d 836 (2007) . . . .

*Getsy*, 495 F.3d at 310 (emphasis added). Cline does not address the requirement that his factual allegations, if true, must provide the foundation for an entitlement to habeas relief. This requirement is fatal to Cline's request for an evidentiary hearing. As discussed above, Cline's letter regarding withdrawal of his guilty plea states that he "suspects [his] current counsel has been less than honest with me in order to achieve a hidden agenda of which I knew nothing until today." (Doc. 9-1 at 7.) At his sentencing hearing, Cline stated that he believed the plea agreement had not been followed. The state court of appeals explained, however, the plea agreement was read to Cline at the change of plea hearing and he affirmed that he had reviewed it, discussed it with counsel, and that his guilty plea based on the agreement as presented in open court was knowing, voluntary, and intelligent. Accordingly, the record demonstrates that there is no factual basis for Cline's assertion that the plea agreement was not followed. Similarly, there is no factual basis for Cline's post-plea assertion that his counsel's "hidden agenda" made the guilty plea constitutionally defective because the specifics of the plea agreement and his rights were fully explained to him at the change of plea hearing.

Consequently, Cline's request for an evidentiary hearing is **DENIED** and Objection No. 6 is overruled.

### 2. Objection No. 2: The Presumption of Correctness

The presumption of correctness Cline refers to in his second objection is set forth at 28 U.S.C. § 2254(e)(1):

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

*See also Jaradat v. Williams*, 591 F.3d 863, 864-65 (6th Cir. 2010). Cline raised eight objections to the state court of appeal's findings in his Response. Although several of them have been touched upon above, the Court will briefly address each here.

#### a. Left-of-Center

As noted in footnote 1 above, Cline argues that the record does not contain evidence that he drove left-of-center when he struck his victims' car. This objection need not be resolved because the fact at issue does not affect the analysis of any issue pertinent to habeas review.

#### b. The Plea Agreement Was Followed

Cline argues that the state court of appeals erred when it found that the plea agreement was followed. He asserts that this finding is based on speculation as opposed to record evidence. As discussed above, and in the state court of appeals opinion, the plea agreement is part of the record, both in its written form and as discussed on the record at the change of plea hearing. The record thus conclusively demonstrates that the State complied with the plea agreement and Cline has not

-16-

shouldered the burden of overcoming the presumption of correctness. This objection is overruled.

    **c.  Findings Regarding Claims of Ineffective Assistance of Counsel**

Cline argues that the state court of appeals erred when it found that (1) he did not raise an ineffective assistance of trial counsel claim; (2) he did not specifically identify the deficient performance of counsel at issue; (3) he should have complained about ineffective assistance of counsel at the change of plea hearing; and (4) the trial court was not required to conduct an inquiry into counsel's effectiveness . These objections need not be resolved because whether Cline raised such a claim is not relevant to any of the grounds for relief he is pursuing in the Petition.

    **d.  Cline Did Not Allege that His Guilty Plea Was Not Entered Knowingly, Voluntarily, and Intelligently**

Cline argues that his letter to the trial court following his change of plea hearing implicitly indicates that he did not believe his guilty plea was entered knowingly, voluntarily, and intelligently. He also contends that his counsel on appeal argued that his plea was invalid. This is not sufficient to overcome the presumption of correctness. While Cline's letter indicates that he regretted his decision to enter a guilty plea, and that he blamed his counsel for that decision (at least in part), it does not indicate that, at the time he entered his guilty plea at the change of plea hearing, he was not acting knowingly, voluntarily, and intelligently. Again, the plea agreement was in writing, the trial court discussed it with Cline on the record, and the trial court explained his rights to him with respect to his guilty plea at that time. Accordingly, this objection is overruled.

    **e.  Cline Never Filed A Written Motion to Withdraw His Guilty Plea**

Lastly, Cline objects to the state court of appeals' finding that his letter to the court was not a motion to withdraw his guilty plea. Specifically, the state court of appeals found that, because

-17-

Cline had court-appointed counsel, the letter should be forwarded to counsel rather than treated as a motion itself. This is not a factual finding. It is a legal conclusion based on the relationship between the defendant and counsel under Ohio law. *See Cline*, 2007 WL 4564865 at *8-9. Accordingly, this objection is overruled.

### 3. Objection No. 3: § 2254(d)(2)

Cline's third objection is related to his challenges to the presumption of correctness. Citing the habeas standard set forth at 28 U.S.C. § 2254(d)(2), he argues that the state court of appeals' decision is not a reasonable determination of the facts in light of the evidence presented because of the state court of appeals' erroneous factual findings addressed in his second objection. Based on the Court's findings above with respect to Objection No. 2, this objection is overruled.

## IV. THE COURT WILL NOT ISSUE A CERTIFICATE OF APPEALABILITY

For the foregoing reasons, moreover, the Court finds that Cline did not make "a substantial showing of the denial of a constitutional right" with respect to any of his claims in his petition. 28 U.S.C. § 2253(c)(2). Accordingly, the Court will <u>not</u> issue a certificate of appealability.

Additionally, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

## V. CONCLUSION

For the foregoing reasons, Magistrate Judge McHargh's R&R (Doc. 10) is **ADOPTED** with respect to Ground One and Ground Two of Cline's Petition, Ground Three of Cline's Petition is **DISMISSED** as **WITHDRAWN** by Cline in Objection No. 8 (Doc. 12 at 5), and the State's Motion to Dismiss (Doc. 6) is, accordingly, **GRANTED**. Consequently, Cline's Petition is hereby **DISMISSED**.

**IT IS SO ORDERED.**

s/Kathleen M. O'Malley
**KATHLEEN McDONALD O'MALLEY**
**UNITED STATES DISTRICT JUDGE**

Dated: March 16, 2010